UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTONIO LEE O'BANNON                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 3:25CV-322-JHM

SAMIKA WHEAT et al.                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Antonio Lee O'Bannon, proceeding *in forma pauperis*, initiated this *pro se* 42 U.S.C. § 1983 action.  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, Plaintiff's claims will be dismissed in part, while others will be allowed to continue.

## I. FACTUAL ALLEGATIONS

Plaintiff has been involuntarily civilly committed to the Kentucky Correctional Psychiatric Center (KCPC).[1]  His complaint names as Defendants Samika Wheat, "BHT"[2] manager at KCPC, and Dr. Lesch in their individual and official capacities; KCPC's Recovery Services; and KCPC. He alleges that on May 5, 2025, Defendants Lesch and Wheat stripped him of all privileges and placed him in lockdown in his cell "for as long as I'm here at KCPC they told me."  He states that Defendants Lesch and Wheat told him that they are punishing him because he refuses to participate in "groups or evaluations and because of all the lawsuits I filed against the facility and people in the facility."

---

[1] As the Court observed in another of Plaintiff's cases: "Based upon filings made in other actions brought by Plaintiff in this Court, it appears that he is involuntarily committed to KCPC under Ky. Rev. Stat. 202(C) after being found incompetent to stand trial."  *O'Bannon v. Kentucky*, No. 3:25-CV-62-JHM, 2025 WL 595188, at *1 (W.D. Ky. Feb. 24, 2025); *see, e.g.*, *O'Bannon v. Dr. Allen*, No. 3:22-cv-628-JHM (DN 11); *O'Bannon v. K.C.P.C.*, No. 3:24-cv-573-JHM (DN 5).

[2] It is unclear what "BHT" refers to.

Plaintiff attaches a KCPC Patient Grievance Form dated May 12, 2025, requesting that KCPC stop violating patient rights and stop staff from retaliating against patients. According to Plaintiff, the form was returned to him unanswered.

Plaintiff requests compensatory and punitive damages and injunctive relief to "stop unconstitutional activities" and "to stop KCPC from violat[ing] the rights of the patients."

Plaintiff has filed a motion to amend the complaint to name as Defendants for retaliation for filing civil suits Lt. Dorman, B.H.T. Meri, Latoya Johnson, M.H.C. Magan, B.H.T. Haley, and B.H.T. Sarah Smith (DN 5). Because Defendants have not yet been served,

**IT IS ORDERED** that the motion (DN 5) is **GRANTED**. Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it . . . .").

## II. STANDARD

Under § 1915(e)(2)(B), the trial court must review and dismiss the complaint, or any portion of the complaint, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court

2

is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. Official capacity claims

A state agency, such as KCPC, is not a "person[ ]" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against KCPC. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "KCPC's operations fall under the auspices and authority of the Commonwealth of Kentucky's Cabinet for Health and Family Services . . . [and], as a division of the Commonwealth of Kentucky's Cabinet for Health and Family Services, [ ] KCPC is entitled to . . . immunity from suit and Eleventh Amendment protection from § 1983 claims[.]" *Burnett v. Ky. Corr. Psychaitic Ctr.*, No. 0:16-CV-117-HRW, 2016 WL 6780327, at *3 (E.D. Ky. Nov. 15, 2016).

Likewise, "Recovery Services" at KCPC is not a proper Defendant to a § 1983 action because a prison department is not a "person[ ] under § 1983." *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. at 70–71).

Moreover, "official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's claims against Defendants Lesch and Wheat are construed as brought against the Commonwealth of Kentucky. State officials sued in their official capacities for monetary damages under § 1983 are not "persons." *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. The Court will dismiss Plaintiff's official capacity claims against Defendants Lesch and Wheat, as well as his claims against Recovery Services and KCPC.

## B. Individual capacity claims

### 1. New Defendants

Plaintiff amended his complaint to add Dorman, Meri, Johnson, Magan, Haley, and Smith as Defendants, but he makes no allegations against them, stating only "retaliation due to filing civil suits" without any explanation. He ascribes absolutely no actions to these Defendants.

If a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims because the complaint did not "allege with any degree of specificity which of the named defendants were personally involved in or responsible for each" alleged violation of rights); *Griffin v. Montgomery*,

4

No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant). These Defendants will, therefore, be dismissed for failure to state a claim.

### 2. Defendants Lesch and Wheat

The Court construes Plaintiff's allegations that Defendants Lesch and Wheat stripped him of all of his privileges and placed him in lockdown in his cell "for as long as I'm here at KCPC," and told him that they are punishing him because he refuses to participate in "groups or evaluations and because of all the lawsuits I filed against the facility and people in the facility" to be claims under the Fourteenth Amendment's Due Process Clause and the First Amendment for retaliation.

### a. Fourteenth Amendment

The Supreme Court has stated, "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321–22 (1982); *see Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004) ("[B]ecause an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply."). "'The rights of patients in psychiatric hospitals . . . arise under the Fourteenth Amendment,' which provides civilly committed individuals and other detainees 'at least the same level of constitutional protection as the Eighth Amendment does to prisoners.'" *Martinez v. Neb. Dep't of Health & Hum. Servs.*, No. 8:22CV184, 2022 WL 2754802, at *2 (D. Neb. July 14, 2022) (quoting *Nelson v. Shuffman*, 603 F.3d 439, 446 n.3 (8th Cir. 2010) (citation omitted)).

Mere "placement in a segregated unit within a prison facility is not, in and of itself, a constitutional violation[.]" *Anderson v. DaCosta*, No. CIV.A. 10-5835 PGS, 2011 WL 2223713,

5

at *7 (D.N.J. June 1, 2011) (addressing claims of civilly committed plaintiff). The only circumstances under which being placed in segregation implicates a liberty interest is when the confinement is an "atypical and significant hardship" in "extreme circumstances," such as when it is of indefinite duration or is excessively long. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)); *see also Williamson v. Stirling*, 912 F.3d 154, 180 (4th Cir. 2018) ("[A] reasonable factfinder could conclude that [pretrial detainee's] three-and-a-half years of solitary confinement were so excessive relative to his infractions — and the defendants so arbitrary in their actions — that Williamson suffered unconstitutional punishment[.]"). Plaintiff has alleged that he has been told he will be subjected to an indefinite and what may be an excessively long period of segregation. The Court will allow these claims to continue.

### b. First Amendment

"Even though a prisoner has no inherent constitutional right to avoid segregated housing . . ., the [State] may not place the prisoner in segregated housing . . . as a means of retaliating against him for exercising his First Amendment rights." *Hill v. Lappin*, 630 F.3d 468, 473 (6th Cir. 2010); *see also Kratochvil v. Strata*, No. 3:24-CV-01042, 2024 WL 4895713, at *3 (M.D. Tenn. Nov. 26, 2024). To state a retaliation claim, Plaintiff must show that: (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by Plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (per curiam)).

Reading the complaint liberally as the Court is required to do, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court finds that Plaintiff has stated a claim for retaliation under the First Amendment against Defendants Lesch and Wheat.  The Court will allow Plaintiff's First Amendment claims related to being placed on lockdown for as long as he is in KCPC to continue as well.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official capacity claims against Defendants Lesch and Wheat and all claims against Defendants Dorman, Meri, Johnson, Magan, Haley, and Smith, Recovery Services, and KCPC are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii) for failure to state a claim upon which relief may be granted and for seeking monetary relief against a defendant immune from such relief.

Plaintiff's individual capacity claims against Defendants Lesch and Wheat for alleged violations of his First and Fourteenth Amendment rights will be allowed to proceed.  In allowing these claims to continue, the Court expresses no opinion on the ultimate merit of these claims.

The Court will enter a separate Service and Scheduling Order to govern the continuing claims.

Date:  October 27, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.009