UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**ANTONIO LEE O'BANNON**                                                                       **PLAINTIFF**

v.                                                                   **CIVIL ACTION NO. 3:25-CV-00322-JHM**

**SAMIKA WHEAT,** *et al.*                                                                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Antonio Lee O'Bannon, who has been civilly committed to the Kentucky Correctional Psychiatric Center (KCPC), filed a second lawsuit, *O'Bannon v. Dorman*, No. 3-25-CV-710-JHM, which has been consolidated with this case pursuant to Fed. R. Civ. P. 42(a)(2) as both involve a common question of law or fact. The complaint in the later-filed case has been docketed in this case as the second amended complaint (DN 14). The Court must screen the second amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I. SUMMARY OF FACTUAL ALLEGATIONS**

In the second amended complaint, Plaintiff sues Mari Dorman, BHT[1] at KCPC; Dr. Eric Lesch; and Samika Wheat, program supervisor at KCPC in their individual and official capacities. Plaintiff also names as Defendants "Recovery Services" and KCPC.[2]

The second amended complaint alleges:

I can not evaluate with any KCPC doctors due to my lack of trust.[3] And numerous civil actions that I have filed against the majority of doctors and staff and KCPC. Although every civil action I have filed have been dismissed the civil suits I've

---

[1] Elsewhere in the complaint, Plaintiff refers to BHT as a department within KCPC but does not otherwise identify it.
[2] Defendants Dorman, Recovery Services, and KCPC were dismissed on initial review from the original and first amended complaints in this case.
[3] Plaintiff also filed a supplemental complaint (DN 10) stating that he cannot evaluate with Dr. Lesch because he does not trust him and because of having filed multiple lawsuits. It is duplicative of claims in the second amended complaint now under review and does not require a separate initial review.

filed created a severe deal of conflict retaliation and bias actions against me that interferes with the facility's profession, that puts me in danger.
….
On 10/15/25 Captain Clark was a witness that Dr. Lesch said that he told the courts that none of the KCPC officers like me.  Because I file lawsuits.
….

10/08/25 Mari Dorman told my doctor, Dr. Eric Lesch that he needs to take my privileges from me and lock me down and he did it for days at a time in my cell and in the dorm for no reason.  The Dr. Eric Lesch also up the dose on my medication for no reason.  And Mari Dorman told me that I deserve to be locked up . . . . Because I keep filing lawsuits.
….

Samika Wheat is over the recovery service program and Recreation department and the BHT Department.  I reported the retaliation to her about the BHT, she told me that she don't care.  One of the BHT workers told me that Samika Wheat and Dr. Lesch told him in a meeting that they where trying to make it hard for me because I file lawsuits on them 10/20/25.

Plaintiff attaches to the second amended complaint four KCPC Patient Grievance Forms dated October 8, October 15, and October 20, 2025, which repeat the above allegations and request KCPC "to stop officers and doctors and BHT from retaliating against me," and to "stop bias officers from working and to stop bias doctors from working at KCPC."  According to Plaintiff, these forms were returned to him unanswered.

As relief, Plaintiff seeks monetary damages and injunctive relief to "stopping medication with dangerous side effects."

The Court construes Plaintiff's allegations that Defendants stripped him of his privileges and placed him in lockdown in his cell because of his litigation history at KCPC to be claims under the Fourteenth Amendment's Due Process Clause and the First Amendment for retaliation.  The Court further construes Plaintiff's allegation that he cannot evaluate with any doctor at KCPC as a claim for deliberate indifference to his medical needs.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or

constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official capacity claims

A state agency, such as KCPC, is not a "person[ ]" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Likewise, "Recovery Services" at KCPC is not a proper Defendant to a § 1983 action because a prison department is not a "person[ ] under § 1983." *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006) (citing *Will*, 491 U.S. at 70–71).

Moreover, "official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's claims against Defendants Dorman, Lesch, and Wheat in their official capacities are construed as brought against the Commonwealth of Kentucky. State officials sued in their official capacities for monetary damages under § 1983 are not "persons" subject to suit. *Will*, 491 U.S. at 71. Accordingly, the Court will dismiss Plaintiff's official capacity claims for monetary damages against Defendants Dorman, Lesch and Wheat, as well as his claims against KCPC and Recovery Services for failure to state a claim.

### B. Individual capacity claims

*1. Fourteenth Amendment—Due Process*

The Supreme Court has stated, "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321–22

(1982); *see Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004) ("[B]ecause an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply."). "'The rights of patients in psychiatric hospitals . . . arise under the Fourteenth Amendment,' which provides civilly committed individuals and other detainees 'at least the same level of constitutional protection as the Eighth Amendment does to prisoners.'" *Martinez v. Neb. Dep't of Health & Hum. Servs.,* No. 8:22CV184, 2022 WL 2754802, at *2 (D. Neb. July 14, 2022) (quoting *Nelson v. Shuffman,* 603 F.3d 439, 446 n.3 (8th Cir. 2010) (citation omitted)).

Mere "placement in a segregated unit within a prison facility is not, in and of itself, a constitutional violation[.]" *Anderson v. DaCosta*, No. CIV.A. 10-5835 PGS, 2011 WL 2223713, at *7 (D.N.J. June 1, 2011) (addressing claims of civilly committed plaintiff). The only circumstances under which being placed in segregation implicates a liberty interest is when the confinement is an "atypical and significant hardship" in "extreme circumstances," such as when it is of indefinite duration or is excessively long. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)); *see also Williamson v. Stirling*, 912 F.3d 154, 180 (4th Cir. 2018) ("[A] reasonable factfinder could conclude that [pretrial detainee's] three-and-a-half years of solitary confinement were so excessive relative to his infractions — and the defendants so arbitrary in their actions — that Williamson suffered unconstitutional punishment[.]").

Plaintiff alleges that he has been "locked down for days at a time," which is neither excessively long nor of an indefinite duration and therefore does not rise to an atypical or significant hardship for purposes of stating a Fourteenth Amendment due process claim.[4] *See,*

---

[4] The Court notes that Plaintiff's allegations in the second amended complaint contradict those in his original complaint wherein he asserted that he had been told that he was being placed on lockdown for as long as he was in

*e.g.*, *Brunello v. Limbalm*, No. 3:19-CV-P571-DJH, 2019 WL 4060869, at *2 (W.D. Ky. Aug. 28, 2019) (pretrial detainee, who was placed in solitary confinement/on lockdown and was denied certain privileges for approximately 32 days without a disciplinary infraction, did not state a due process claim for the loss of privileges and confinement to segregation). The Court will therefore dismiss Plaintiff's Fourteenth Amendment due process claim against the individual Defendants.

### 2. First Amendment—Retaliation

"Even though a prisoner has no inherent constitutional right to avoid segregated housing . . . , the [State] may not place the prisoner in segregated housing . . . as a means of retaliating against him for exercising his First Amendment rights." *Hill v. Lappin*, 630 F.3d 468, 473 (6th Cir. 2010); *see also Kratochvil v. Strata*, No. 3:24-CV-01042, 2024 WL 4895713, at *3 (M.D. Tenn. Nov. 26, 2024). To state a retaliation claim, Plaintiff must show that: (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by Plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (per curiam)).

Reading the complaint liberally as the Court is required to do, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court finds that Plaintiff has stated a claim for retaliation under the First Amendment against Defendants Dorman and Lesch.

As to Defendant Wheat, Plaintiff does not allege that she directly participated in the lockdown or revocation of privileges. Instead, Plaintiff claims that he "reported the retaliations" to Defendant Wheat, who responded that "she don't care." Plaintiff further alleges that a BHT

---

KCPC. Clearly, Plaintiff was released from lockdown at some point; otherwise, he could not be placed in lockdown again.

employee told him that Wheat and Lesch said "that they where trying to make it hard for me because I file lawsuits on them."

Plaintiff's allegation that Wheat failed to act upon his complaints of retaliation by KCPC staff is insufficient to establish the requisite personal involvement for his § 1983 claim. *See Ford v. Smith*, No. 2:17-CV-164, 2018 WL 3422073, at *5 (W.D. Mich. July 16, 2018) ("Defendant Travelbee's only involvement in this case was that he failed to respond to Plaintiff's complaints. Because such conduct is insufficient to show personal involvement in the allegedly retaliatory actions, Plaintiff's retaliation claim against Defendant Travelbee is properly dismissed."). Likewise, Wheat's statement that she was "trying to make it make it hard" for Plaintiff due to his history of filing lawsuits against KCPC staff fails to state a claim because verbal threats made in retaliation for filing a grievance or lawsuit are by themselves insufficient to state a constitutional claim under the First Amendment. *Carney v. Craven*, 40 Fed. App'x 48, 50 (6th Cir. 2002); *see also Emmons v. McLaughlin*, 874 F.3d 351, 353 (6th Cir. 1989) (to state a claim under § 1983, there must be an actual infringement of a constitutional right, not merely a threat to do so). The Court will therefore dismiss the First Amendment retaliation claim against Defendant Wheat.

*3. Fourteenth Amendment—Medical*

Plaintiff merely states in his supplemental complaint and in the second amended complaint that he cannot evaluate with any KCPC doctors due to his lack of trust and his lawsuits.

The Constitution does not provide Plaintiff the choice to have a different healthcare provider simply because he requests one. *See, e.g.*, *Brittenham v. Dinsa*, No. CIVA 10-10257, 2010 WL 1576842, at *2 (E.D. Mich. Apr. 20, 2010) (holding that prisoner "has no constitutional right to choose his doctor"); *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental

to the medical care provided by the prison staff within the institution."); *Abdulrazzaq v. Trump*, 422 F. Supp. 3d 281, 291 (D.D.C. 2019) (same); *Simms v. Neil*, No. 08-1346RMB, 2008 WL 1924873, at *3 (D.N.J. Apr. 29, 2008) ("An inmate has no constitutional right to a medical practitioner of his choice[.]") (citations omitted); *United States v. Rovetuso*, 768 F.2d 809, 825 (7th Cir. 1985) ("The Eighth Amendment guarantees a prisoner treatment of his serious medical needs, not a doctor of his own choosing."); *Daly v. Penn. Dep't of Corr.*, No. 1:20-CV-00023-SPB, 2024 WL 4480103, at *10 (W.D. Pa. Aug. 7, 2024) (citing cases), *report and recommendation adopted*, 2024 WL 4284680 (W.D. Pa. Sept. 25, 2024).

"Nor does the Constitution provide inmates with . . . a right to see a doctor other than ones they've sued[.]" *Dunson v. Lyons*, No. 3:21-CV-413-BJB, 2021 WL 5435405, at *3 (W.D. Ky. Nov. 19, 2021) (citing *Stephen v. Tilestone*, No. 2:20-CV-1841 KJN P, 2020 WL 5642363, at *4 (E.D. Cal. Sept. 22, 2020) ("The fact that prison officials required plaintiff to continue being seen by a doctor whom plaintiff had sued fails to state a cognizable Eighth Amendment claim.")).

Plaintiff also asks the Court to order the "stopping [of] medication with dangerous side effects," but this allegation is entirely conclusory. He alleges no injury from the increased medication and does not explain why he wants to stop the medication altogether. "[T]he prescribing of drugs by a physician[, or other medical provider,] which causes side effects does not constitute deliberate indifference." *Fuller-Ragland v. Lewis*, No. 2:25-CV-120, 2025 WL 2318458, at *5 (W.D. Mich. Aug. 12, 2025) (cases cited therein); *see also Bryant v. Kaskie*, 744 F. App'x 39, 42 (3d Cir. 2018) (concluding that the prison medical provider's "failure to inform [the prisoner-plaintiff] of the potential side effects of [a prescribed medication] [wa]s insufficient to demonstrate deliberate indifference"); *Walker v. Abdellatif*, No. 1:07-cv-1267, 2009 WL 579394, at *7-8 (W.D. Mich. Mar. 5, 2009) (discussing that "medication adjustments involve the

8

doctor's medical judgment regarding plaintiff's treatment," and a plaintiff's "disagreement with the health care providers regarding his diagnosis and treatment does not rise to the level of a federal constitutional violation" (citations omitted)). Plaintiff's claim that he cannot evaluate with KCPC doctors and for the increase in his medication will be dismissed for failure to state a claim.

Finally, the Court notes that Plaintiff filed a document (DN 12) stating that he does not have a mental health history and asks how it came to be that he was committed to KCPC instead of being a convicted felon. It is not this Court's place to opine on Plaintiff's civil commitment under Kentucky law or whether Plaintiff has a mental health history. The Court will take no further action on DN 12.

## IV. CONCLUSION

**IT IS ORDERED** that Plaintiff's official capacity claims against Defendants Dorman and Lesch and all claims against Defendants Wheat, Recovery Services, and KCPC brought in the second amended complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The Court **DIRECTS the Clerk of Court to terminate Defendants Recovery Service and KCPC as parties to this action**.

Plaintiff's individual capacity claim in the second amended complaint against Defendants Dorman and Lesch for alleged violations of his First Amendment rights will be allowed to proceed. In allowing this claim to continue, the Court expresses no opinion on its merits.

The Court will enter a separate Service and Scheduling Order to govern the continuing claims in this case.

**IT IS FURTHER ORDERED** that Plaintiff's second motion to proceed *in forma pauperis* (DN 15) is **DENIED as moot**.

Date: December 29, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009