**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

ANTONIO LEE O'BANNON                                                    PLAINTIFF

v.                                                CIVIL ACTION NO. 3:25-CV-00322-JHM

SAMIKA WHEAT, et al.                                                   DEFENDANTS

**MEMORANDUM AND ORDER**

Before the Court is *pro se* Plaintiff Antonio Lee O'Bannon's motion (DN 43) requesting that counsel be appointed for him in this case. It is not clear if he requests counsel now or if this case goes to trial.

The appointment of counsel is not a constitutional right in a civil case. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Under 28 U.S.C. § 1915(e)(1),[1] court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g.*, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Lavado*, 992 F.2d at 606 (citations omitted).

Plaintiff does not explain why he should be appointed counsel. The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel, and a review

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

of the documents filed by Plaintiff in this case reveals that he is sufficiently articulate and able to present his case to the Court.  For these reasons, the Court finds that Plaintiff has not set forth any exceptional circumstances warranting appointment of counsel at this time.  And, to the extent that he is requesting counsel be appointed to represent him at trial, his request is premature.  Accordingly,

IT IS ORDERED that Plaintiff's motion (DN 43) is DENIED.

Date:  May 18, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Counsel of record
4414.009

2